OPINION
{¶ 1} Appellants Earl and Donna Jones appeal the decision of the Stark County Court of Common Pleas that granted summary judgment in favor of Appellee Interstate Fire and Security Systems, Inc. ("Interstate"). The following facts give rise to this appeal.
 {¶ 2} This lawsuit is the result of an accident that occurred on January 19, 2002. On this date, Appellant Earl Jones arrived at his place of employment, Simonds Industries, Inc. ("Simonds"), to perform his assigned job of sifting bismuth. Appellant Earl Jones performed these duties in the drop forge area which is in an unheated building separate from the main plant. Due to the cold weather, Appellant Earl Jones' supervisor, Adrian Endlich, told appellant to light the slot furnace for heat.
 {¶ 3} As Appellant Earl Jones began lighting the furnace, a ball of flames shot out and ignited his clothing. Appellant Jones ran out of the building and began rolling in the snow in order to extinguish the flames. Unable to extinguish the flames, Appellant Jones ran to the main building where he encountered a co-employee, Larry Standiford. Standiford first attempted to smother the flames with his hands. Thereafter, Standiford retrieved a fire extinguisher, which did not operate properly because it had been wired shut and the pin could not be removed.
 {¶ 4} By the time Appellant Jones' co-workers found an operable fire extinguisher and extinguished the fire, most of Jones' clothing had been burned off his body. EMS personnel transported Appellant Jones to Akron Children's Hospital's burn unit where he was treated for third degree burns over seventy-five percent of his body. Appellant Jones' right leg was amputated due to the severity of the burns that he received. Appellant Jones remained hospitalized, at the burn unit, for six months. Following his release from the hospital, Appellant Jones went to Edwin Shaw Rehabilitation Center. As a result of his injuries, Appellant Jones has incurred over $1.2 million in medical expenses.
 {¶ 5} On September 13, 2002, appellants filed a complaint against Simonds and Interstate. Appellants allege, in their complaint, that Simonds committed an intentional tort and Interstate negligently caused Appellant Earl Jones to be injured. Simonds filed a motion for summary judgment on May 14, 2003. Interstate filed a motion for summary judgment on May 23, 2003. On July 9, 2003, the trial court granted Interstate's motion for summary judgment and denied Simonds' motion for summary judgment. Simonds and appellants reached an agreed settlement on October 20, 2003, and appellants dismissed their claims against Simonds.
 {¶ 6} Appellants filed their notice of appeal, as it pertains to the grant of summary judgment on behalf of Interstate, on October 31, 2003. Appellants set forth the following sole assignment of error for our consideration:
 {¶ 7} "I. The trial court erred in granting summary judgment to defendant-appellee interstate fire and security systems, Inc."
 Summary Judgment Standard {¶ 8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 9} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 10} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, citing Dresher v. Burt, (1996),75 Ohio St.3d 280.
 {¶ 11} It is based upon this standard that we review appellants' assignment of error.
 I {¶ 12} In their sole assignment of error, appellants contend the trial court erred when it granted summary judgment on behalf of Interstate. We disagree.
 {¶ 13} In their complaint, appellants allege Interstate negligently "provided defective and/or non operational fire extinguishers" to Simonds "that were not in compliance within laws regulating such equipment," and "failed to train Simonds (sic) employees as to how to use, operate and/or inspect extinguishers." Complaint at ¶ 14-18.
 {¶ 14} The elements of a negligence claim are duty, breach of duty and causation. Menifee v. Ohio Welding Prods. Inc. (1984),15 Ohio St.3d 75, 77. We conclude the issue of whether Interstate owed Appellant Earl Jones a duty is dispositive of this matter on appeal. That is, we must determine whether Interstate owed Appellant Earl Jones a duty to provide operational fire extinguishers that complied with the laws regulating such equipment and the proper training to use and inspect such equipment.
 {¶ 15} In the Menifee case, the Ohio Supreme Court discussed the duty element and explained:
 {¶ 16} "The existence of a duty depends on the foreseeability of the injury. [Citations omitted.]
 {¶ 17} "The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act. [Citations omitted.] The foreseeability of harm usually depends on the defendant's knowledge. [Citation omitted.]
 {¶ 18} "In determining whether appellees [plaintiffs] should have recognized the risks involved, only those circumstances which they perceived, or should have perceived, at the time of their respective actions should be considered. Until specific conduct involving an unreasonable risk is made manifest by the evidence presented, there is no issue to submit to the jury. [Citations omitted.]" Id. at 77.
 {¶ 19} In the case sub judice, both NFPA 10 and OSHA regulation 1910.157 place the duty on the employer concerning the placement, use, maintenance, testing and training of employees regarding the proper use of portable fire extinguishers. It was foreseeable that an injury may occur if Simonds breached the above listed duties. That is, a reasonably prudent person would have anticipated that serious injuries would occur to an employee if Simonds beached any of these duties.
 {¶ 20} Appellants' own expert recognized Simonds' duty owed to Appellant Earl Jones. Specifically, Paul E. Sincaglia opined, in his affidavit, as follows:
 {¶ 21} "Further, unless specifically exempted, OSHA 1910.157 mandates that the employer provide the proper type and number of fire extinguishers needed to adequately protect the hazards present within the facility. In addition, the employer is responsible for maintaining the extinguishers in an operable condition and training employees to use the extinguishers annually." Affidavit Paul E. Sincaglia, June 9, 2003, at 2.
 {¶ 22} In their brief, appellants contend that Interstate, in addition to inspecting the fire extinguishers, had a duty to perform a hazard assessment to determine the required numbers, locations and placement of fire extinguishers; to make a fire hazard assessment; and ensure compliance with the fire codes. According to appellants' expert, Paul Sincaglia, Interstate failed to place a fire extinguisher in the proper location relative to the actual furnace that ignited Appellant Earl Jones and failed to place a fire extinguisher within the maximum allowable travel distance from the area in which co-employee Standiford first encountered Appellant Jones.
 {¶ 23} We have reviewed appellants' complaint and find that it does not allege Interstate breached a legal duty to inspect Simonds' factory and all of its components for fire hazards. In fact, appellants did not make this allegation until after Interstate filed its motion for summary judgment. The record contains no evidence to support a conclusion that Interstate had a duty to identify and assess fire hazards, inform Simonds of remedial measures necessary to abate, eliminate or alleviate fire hazards or to perform any duties as fire safety experts.
 {¶ 24} Under NFPA 10 and OSHA regulation 1910.157, it was Simonds' duty to provide operational fire extinguishers that complied with the laws regulating such equipment and the proper training to use and inspect such equipment. Simonds, not Interstate, owed this duty to Appellant Earl Jones. Interstate's duty was limited to a contractual duty owed to Simonds. Simonds may sue Interstate for any alleged breach of this contractual duty. However, appellants may not maintain a lawsuit against Interstate because Interstate's duties are limited to Simonds.
 {¶ 25} Accordingly, we conclude the trial court properly granted Interstate's motion for summary judgment.
 {¶ 26} Appellants' sole assignment of error is overruled.
 {¶ 27} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to Appellants.